IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| MARK E. LOGANBILL AND ) | |
| SARA D. LOGANBILL, ) | Case No. 11-21349-drd7 |
| Debtors. ) | |
| _____ ) | |
| JANICE A. HARDER, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 16-2023 |
| ) | |
| vs. ) | |
| ) | |
| EXCEL SEEDS, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion for Partial Dismissal of Claims (the "Motion") of defendant Excel Seeds, LLC ("Excel"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which this Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2). For all the reasons set forth below, the Court will grant the Motion as to Counts I and II.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Debtors filed a Chapter 12 bankruptcy petition on August 1, 2011. This Court confirmed the amended plan on January 31, 2012. On June 23, 2014, Defendant allegedly loaned $63,000 to Debtors and Debtors used those funds to purchase a house and 75 acres of real property (the "Property") on July 29, 2014. On October 1, 2015, a creditor, FCS Financial, filed a motion to

dismiss or convert Debtors' Chapter 12 case to Chapter 7 pursuant to § 1208(d) on the grounds Debtors committed fraud in connection with the case. On October 30, 2015, Debtors executed and delivered to Defendant a second deed of trust creating a lien against the Property for the benefit of Defendant.

On August 1, 2016, this Court issued an order converting Debtors' bankruptcy case to a Chapter 7 case. On February 8, 2017, the Trustee filed this an amended complaint in an adversary proceeding seeking to avoid the lien against the Property as a preferential transfer under § 547 (Count I), as a fraudulent transfer under § 548 (Count II) and as a postpetition transfer under § 549 (Count III). Defendant subsequently filed a motion for partial dismissal of the claims under Fed. Rule Civ. P. 12(b)(6). Defendant argued that the Trustee only has the power to avoid transfers that occurred before the date of the filing of the petition under §§ 547 and 548, and that the challenged transfer occurred after the filling of the petition.

.

## II.  MOTION TO DISMISS

### A.  Applicable Standard

To withstand a motion under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 577 (2007); *see also, Alexander v. Hedback*, 718 F.3d 762 (8th Cir. 2012); *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872 (8th Cir. 2010). To defeat a motion to dismiss for failure to state a claim, the plaintiffs need not provide specific facts in support of their allegations, but they must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level. *See Schaaf v. Residential Funding Corp.*, 517

2

F.3d 544 (8th Cir. 2008).  When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must view the facts alleged in the complaint in the light most favorable to the plaintiff.  *In re Glossip*, 331 B.R. 871 (Bankr. W.D. Mo. 2005) (citing *Burkhalter v. Lindquist & Trudeau, Inc.,* 2005 WL 1983809 (E.D. Mo. 2005)).

### B.  Counts I and II

The threshold legal issue is the meaning of the phrase "date of filing of the petition" as set out in §§ 547and 548.  To prove a claim under § 547 the trustee must, by a preponderance of the evidence, establish the following elements:  a transfer of the debtor's property; *made within ninety days before the date of petition filing*; made to or for the benefit of the creditor; on account of an antecedent debt; while the debtor was insolvent; and which enabled the creditor to receive more than it would have received if the transfer had not been made. 11 U.S.C. § 547(b) (emphasis added).  The four elements of a cause of action under 11 U.S.C. § 548(a)(1)(A) are: (1) a transfer of property; (2) *made or incurred within two years of the date of the filing of the petition*; and (3) made with actual intent to hinder, delay or defraud creditors.  *In re Richards & Conover Steel, Co.,* 267 B.R. 602, 608 (B.A.P. 8th Cir. 2001); *Steffens v. Citicorp Mortgage, Inc.,* 148 B.R. 914, 916 (Bankr. W.D.Mo. 1993) (emphasis added).

Excel Seeds, relying on § 348, argues that post-confirmation conversion of a Chapter 11 case to a Chapter 7 case does not change the date of filing for purposes of a § 547 preference action or § 548 fraudulent transfer action, and that the lookback period must commence on the date of the original petition which in this case was before the occurrence of the transfers complained of and thus would put the transfers outside of the preference/fraudulent transfer

3

period. Section 348 provides that, except as set in subsections (b) and (c), conversion of a case from one chapter to another does not affect a change in the date of filing of the petition, the commencement of the case or order for relief.

The Trustee asserts that the "date of filing" as it applies to both §§ 547 and 548 should be deemed the date of conversion so that the Trustee's rights are the same in the situation of a converted case as they would be in a case initially commenced under Chapter 7, including the right to avoid certain transfers. The Trustee argues that the analysis by the court in *In re Hoggarth*, 78 B.R. 1000 (Bankr. N.D. 1987), relying on *In re Lindberg,* 735 F.2d 1087 (8th Cir.1984), should apply. In that case, the court determined that "the preference period under section 547 commences on the date of conversion as against any post-confirmation transfers of non-plan property to non-plan creditors."

On its face, § 348 provides that the date of filing for all purposes under the Code remains fixed at the original Chapter 11 filing date. The language of a statute must be given its plain meaning, "unless the intent of the legislature or the purposes served by the statute would be frustrated by such an interpretation." *In re Boylen,* 29 B.R. 924, 926 (Bankr. N.D. Ohio 1983). The United States Supreme Court has said that the literal terms of a statute are to be overridden only under rare and exceptional circumstances, specifically if such literal application leads to an unreasonable result plainly at variance with the evident purpose of the legislation. *See In re Feenstra,* 51 B.R. 107, 110 (Bankr. W.D.N.Y. 1985) (citing *Crooks v. Harrelson,* 282 U.S. 55, 60 (1930); *Lincoln v. Ricketts,* 297 U.S. 373, 376 (1936)); *In re Vitzthum*, 2011 WL 3957273, at *2 (Bankr. W.D. Mo. 2011). "[A] court's primary objective is to ascertain the intent of the legislature by looking at the language of the statute itself and giving it its plain, ordinary and

4

commonly understood meaning." *In re M & S Grading, Inc.,* 457 F.3d 898, 901 (8th Cir. 2006) (citing *Johnson v. Methorst,* 110 F.3d 1313, 1315 (8th Cir.1997)). Where a statute's language is clear, the Court's obligation is to apply it according to its terms, unless such a literal application would produce an absurd result or one demonstrably at odds with the intent of the drafters. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000); *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242 (1989). An interpretation is absurd if "it is so gross as to shock the general moral or common sense." *Barnhart v. Sigmon Coal Co., Inc.,* 534 U.S. 438, 450 (2002). The fact that the statute might result in a harsh result when subjected to a plain meaning interpretation does not necessarily mean that it is absurd. *Lamie v. United States Trustee,* 540 U.S. 526, 538 (2004). In determining whether the plain meaning interpretation produces a result demonstrably at odds with the intent of Congress, the court may consider conflicts with other Code sections, state or federal interests, policy and judicial doctrine established under prior law. *Ron Pair,* 489 U.S. at 243. When Congress uses particular language in one section of a statute, but omits it in another, the Court may infer that different results are intended. *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 537 (1994); *In re Roach*, 2008 WL 5397570, at *3 (Bankr. W.D. Mo. 2008).

  The Trustee notes that the Eighth Circuit in *Lindberg* did not choose to follow such a strict interpretation, noting that other Bankruptcy Code sections create a tension if not a conflict with § 348. *Lindberg*, 735 F.2d at 1089. The Eighth Circuit has also noted the interplay between creditor dischargeability actions commenced under § 523 and section § 348. *See Hoggarth*, 78 B.R. at 1001–02. The Trustee acknowledges that the Bankruptcy Reform Act led the 8th Circuit to overrule its decision in *Lindberg*. She argues that the rationale still applies because the change in

5

§ 348 specifically dealt with cases converted from Chapter 13 to Chapter 7, whereas in this case we have a Chapter 12 case converted to a Chapter 7.  Thus, the Trustee argues that Congress could have referenced Chapter 12 in § 348(f)(1) if it had intended for it to apply to Chapter 12 cases, but did not do so.

The Court disagrees with the Trustee.  The statutory language of § 348 is clear.  It clearly states that conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for* relief." 11 U.S.C. § 348(a) (emphasis added).  Neither § 348 (b) or (c) provides any exception for § 547 and 548.  Notably though, § 348(c) does single out §§ 342 and 365(d) as if the conversion order were the order for relief.  Thus, the relevant date for determination of preferences under § 547 is the date of filing of the original petition notwithstanding the intervening confirmation of a plan and intervening conversion to Chapter 7. The plain language of the statute, in § 348, reaches the result.

Here, the result would not be absurd because the Trustee has other remedies to recover the alleged transfers such as § 549, which has been asserted.  Thus, the conversion order does not affect the date of the filing of the petition.

The Trustee cites *Hoggarth* to support the argument that the conversion date should control when applying sections §§ 547 and 548.  However, many courts have since rejected *Hoggarth.  See In re Ala. State Fair Auth.*, 232 B.R. 252 (N.D. Ala. 1999); *In re Quality Pontiac Buick, GMC Truck*, 222 B.R. 865 (Bankr. D. Minn. 1998); *Johnson v. Garden State Brickface and*

6

*Stucco Co.*, 150 B.R. 617 (E.D. Pa. 1993) (holding conversion date does not trigger a new date for automatic stay); *In re Matter of Cross*, 119 B.R. 652 (W.D. Wisc. 1990) (citing *Vogel v. Russell Transfer, Inc.,* 852 F.2d 797, 799 (4th Cir.1988) which found, "[t]he trustee attempts to make a policy argument for adopting other than the literal reading of section 348. He argues that if a transfer occurs after a Chapter 11 reorganization plan has been confirmed then the ninety day period of section 547 should be measured from the date of conversion to Chapter 7. The trustee, however, swims against a strong tide of authority."); *Hoffman v. Cheek*, 90 B.R. 21 (D. Conn. 1988).

The *Brown* case cited by the Trustee followed *Hoggarth* without reasoning. *Hoggarth* relied upon *Lindberg*. In that case, the court's concern was an actual conflict between the Code sections that the court had to resolve and it resolved such conflict in favor of the date of conversion because the debtor would have had no other way to exempt the property. Here there is no such tension between § 348 and §§ 547 and 548 and the Trustee has the § 549 remedy that is specifically designed for post petition transfers.

To the extent that policy concerns are relevant, the Court notes that if a debtor is operating under a confirmed plan and doing business with people or companies, neither the debtor nor those doing business with the debtor should have to worry about whether such business payments can be challenged as preferential transfers or fraudulent transfers. Such application of the statutes would hinder debtors when entering into business transactions during the pendency of the plan. The questioned transfers were made while the debtors were under the supervision of the bankruptcy court and governed by the restrictions of the Bankruptcy Code, Rules and Local

7

Rules. If they were not authorized, the Court can set them aside. If they were, they should not be set aside.

Additionally, as noted by the Defendant, the Trustee's interpretation would affect the statute of limitations. Section 546 states that an action or proceeding may not be commenced after the earlier of- (1) the later of- (A) 2 years after the entry of the order for relief…. In a converted case, § 348 doesn't change the date of the order for relief for purposes of calculating the statute of limitations. Applying the Trustee's interpretation of "date of filing of the petition" wouldn't make sense with regard to the post petition transfers in this case because they would occur after the statute of limitations has run. Congress identified specific statutes that use the date of conversion rather than the petition date and the Court would be amending the Code if it inserted such language into §§ 548, 549 and now 546. This illustrates how inappropriate such treatment would be.

## Count III

Defendant also requests that to the extent the Trustee is seeking to avoid unspecified transfers as "Other Alleged Transfers" that Count III should be dismissed for failure to state a claim. The Trustee requests the Court's order avoiding and setting aside "the Second Deed of Trust, any payments Debtors made towards the Loan, and other transfers and conveyances by Debtors to Defendant **referenced herein**…." (emphasis added). The Court cannot find language in Count III in which the Trustee specifically references "Other Alleged Transfers." However, the language "and other transfers and conveyances by Debtors to Defendant referenced herein" is specific and limiting to only those facts pled in the Complaint. The Court will limit the Trustee

accordingly unless the complaint is further amended. Further, as the Trustee noted, the facts pled and relief requested is sufficient to put the Defendant on notice and rises above mere speculation. Discovery can serve to flush out the details as to the specific payment dates and amounts made. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

### III. CONCLUSION

For the foregoing reasons, the Court grants the Motion to Dismiss Counts I and II of Defendant Excel Seeds, LLC. The Court denies the motion as to Count III.


DATED:     May 25, 2017                      /s/ Dennis R. Dow

                                                                         HONORABLE DENNIS R. DOW
                                                                         UNITED STATES BANKRUPTCY JUDGE